IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 21-30E |
| ) | |
| SHANE HVIZDZAK ) | |
| SEAN HVIZDZAK ) | |

**MEMORANDUM ORDER**

Defendant Sean Hvizdzak and his co-defendant, Shane Hvizdzak, are charged in a 65-count Indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and money laundering, in violation of 18 U.S.C. §§ 1957 and 2. (Docket No. 1). Specifically, Sean Hvizdzak is charged with one count of conspiracy to commit wire fraud (Count 1), twenty-six counts of wire fraud (Counts 5-7, 9-12, 22, 23, 25-32, 38 and 41-48), and four counts of money laundering (Counts 54, 55, 58 and 59). (*See id.*). Shane Hvizdzak is charged with one count of conspiracy to commit wire fraud (Count 1), thirty-nine counts of wire fraud (Counts 2-24, 29-37, 39-40 and 49-53), and ten counts of money laundering (Counts 56-65). (*See id.*). Jury selection and trial are scheduled to commence on October 20, 2025. (Docket No. 173).

Pursuant to the Court's Pretrial Order, the parties were to file a joint verdict slip. (Docket No. 173, ¶ A.6). On August 22, 2025, the parties filed a "Joint Filing Re: Proposed Verdict Form" (the "Joint Filing") wherein they indicated that they were unable to agree on a joint verdict slip. (Docket No. 198 at 1). The parties' disagreement "does not concern the substance of or verbiage in the questions the jury would be required to answer," but rather "whether a separate verdict slip for each defendant should be used or whether a single combined verdict slip should be used." (*Id.*). The Government is in favor of a single verdict slip in the form included with the parties' Joint

1

Filing, (*see id.* at 2-20), whereas Defendants believe that separate, individual verdict slips should be used for each Defendant. (*Id.* at 1).

Defendant Sean Hvizdzak filed a Brief in Support of his Request for Separate, Individual Verdict Forms, to which the Government filed a Response in opposition. (Docket No. 201, 202). Defendant Shane Hvizdzak did not file a brief concerning separate verdict slips.

Defendant Sean Hvizdzak points out that the charges in Counts 2 through 65 of the Indictment vary as to who is charged in a given count – certain counts are against only Shane Hvizdzak, certain counts are against only Sean Hvizdzak, and certain counts jointly charge both Defendants. (Docket No. 201 at 1). Defendant Sean Hvizdzak advocates that the jury should complete separate verdict slips for each Defendant "[i]n order to ensure that the jury's verdict is well-reasoned and gives due weight and consideration to determining the guilt or innocence of each Defendant on each count that he respectively is charged with and to avoid any possible juror confusion." (*Id.*).

As support for his request for separate verdict slips, Defendant cites *United States v. Desmond*, 670 F.2d 414 (3d Cir. 1982) and *United States v. Palmeri*, 630 F.2d 192 (3d Cir. 1980). Reliance on *Desmond* and *Palmeri* does not advance Defendant's request, as those cases addressed whether it was appropriate to use special interrogatories. In *Palmeri*, where five defendants were tried on a 23-count indictment alleging 46 acts of racketeering and other violations of federal law, the Court of Appeals found that special interrogatories were properly employed relative to the racketeering allegations. *Palmeri*, 630 F.2d at 202-03. Notably, separate verdict slips were not utilized for the five *Palmeri* defendants. In *Desmond*, a one-defendant case, the Court of Appeals determined that special interrogatories in a prosecution for failing to report income during three tax years did not lead the jury to its conclusion by a progression of questions each of which required

2

an answer unfavorable to the defendant. *Desmond*, 670 F.2d at 418-19. Like *Palmeri*, *Desmond* did not address separate verdict slips.

In the context of special interrogatories, the *Desmond* court noted as a consideration, "[i]f a number of individuals are being tried together and the involvement of one or more is tangential at best, requiring the jury to answer specific questions may compel individual consideration of the charges against each defendant." *Desmond*, 670 F.2d at 418. This consideration, by analogy, does not support the use of separate verdict slips here.

First, although the Indictment contains 65 counts, there are only two Defendants charged in this case, not "a number of individuals" as noted in *Desmond*, thus significantly minimizing any concern about confusion regarding individual consideration of the charges against each Defendant. As to the two co-Defendants, consistent with Third Circuit Model Criminal Jury Instructions 3.14 and 3.15, the jury will be instructed that: guilt or innocence is personal and individual; the jury must separately consider the evidence against each Defendant on each offense charged, and it must return a separate verdict for each Defendant for each offense; for each Defendant and each offense, the jury must decide whether the Government has proved beyond a reasonable doubt that the particular Defendant is guilty of the particular offense; and the jury's decision on any one Defendant or any one offense, whether guilty or not guilty, should not influence its decision on the other Defendant or offenses. In summary, the jury will be instructed that each offense and each Defendant should be considered separately. Given that juries are presumed to follow the instructions given by the court, *see Zafiro v. United States*, 506 U.S. 534, 540 (1993) (observing that "juries are presumed to follow their instructions") (citation omitted), there is no reason to believe that the jury which is empaneled in this case will have any difficulty separately considering

each offense and each Defendant and indicating on one verdict slip whether the particular Defendant under consideration is not guilty or guilty of the particular charged offense.

Next, the single verdict slip proposed by the Government is more than abundantly clear. The verdict slip separately lists each count of the Indictment, identifies the offense charged in each particular count, specifies which Defendant is charged in that each particular count or whether both Defendants are charged, and provides a space for the jury to indicate whether the particular named Defendant is not guilty or guilty. (*See* Docket No. 198). In the Court's considered judgment, a single verdict slip in substantially the form proposed by the Government would not confuse the jury. Conversely, employing separate verdict slips poses a greater risk of jury confusion because, rather than proceeding on one slip as just outlined, the jurors would be required to alternate between two verdict slips for the various counts of the Indictment, with the greatest risk of potential confusion involving those counts where both Defendants are charged.[1] Accordingly, the Court intends to utilize a verdict slip substantially in the form proposed by the Government. The parties will be provided with a copy of the verdict slip to review at the pretrial conference.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 19th day of September, 2025, IT IS HEREBY ORDERED that Defendant Sean Hvizdzak's request that the Court utilize separate, individual verdict slips for him and his co-defendant, Shane Hvizdzak (*see* Docket No. 201), is DENIED.

*s/ W. Scott Hardy*  
W. Scott Hardy  
United States District Judge

cc/ecf: All counsel of record

---

[1] For the counts charging both Defendants, the next arguable point of contention in a two verdict slip format likely would be whether the separate verdict slips should list or somehow denote that the co-defendant is also charged in that count and, if so, how that should be presented.