IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 21-30E |
| | ) |
| SHANE HVIZDZAK | ) |
| SEAN HVIZDZAK | ) |

**ORDER OF COURT**

AND NOW, this 29th day of September, 2025, for the reasons stated on the record at the pretrial conference held this day, IT IS HEREBY ORDERED that the Government's Omnibus Motion in Limine ("MIL"), (Docket No. 188), is GRANTED IN PART AND DENIED IN PART as follows:

1. The Government's MIL #1 seeking to present FBI Special Agent Dianne Shaffer's testimony at separate intervals during the trial is DENIED;

2. The Government's MIL #2 concerning the authentication of digital communications is GRANTED IN PART as to the matter of authentication; however, any ruling concerning the admissibility of various digital communications is DENIED IN PART AS PREMATURE AND WITHOUT PREJUDICE;

3. The Government's MIL #3 to exclude or limit the defense's presentation of character evidence at trial is GRANTED IN PART to the extent that any such evidence is limited to evidence that bears only on traits of honesty and truthfulness, and it is DENIED IN PART AS PREMATURE AND WITHOUT PREJUDICE as to the number of character witnesses that each Defendant may present;

1

4. The Government's MIL #4 to exclude evidence concerning detrimental impacts sustained by Defendants is GRANTED IN PART to the extent that Defendants are precluded from introducing evidence concerning detrimental impacts they may have experienced or are experiencing because of the investigation and pending charges, and it is DENIED IN PART WITHOUT PREJUDICE to the extent that Defendants are permitted to introduce evidence concerning their own investment losses;

5. The Government's MIL #5 to exclude evidence that Defendants did not benefit from their alleged wire fraud scheme is TAKEN UNDER ADVISEMENT;

6. The Government's MIL #6 to exclude evidence that victims of the alleged fraud scheme were negligent or failed to conduct adequate due diligence is TAKEN UNDER ADVISEMENT;

7. The Government's MIL #7 to permit use of hypothetical questions related to investor reliance on alleged misrepresentations is DENIED AS PREMATURE AND WITHOUT PREJUDICE;

8. The Government's MIL #8 to exclude argument, evidence, or lines of inquiry designed to elicit or support jury nullification is GRANTED IN PART to the extent it applies to ignorance or mistake of the law and the motive and/or timing of the investigation and prosecution of the case, and it is DENIED IN PART AS PREMATURE AND WITHOUT PREJUDICE to the extent it relates to matters concerning the conduct of the investigation;

9. The Government's MIL #9 to preclude publication to the jury, or introduction into evidence, of law enforcement summaries, or to otherwise suggest to the jury that the

law enforcement summaries are statements of witnesses is DENIED AS PREMATURE AND WITHOUT PREJUDICE;

10. The Government's MIL #10 to exclude any reference to potential penalties by statute or under the Sentencing Guidelines is GRANTED;

11. The Government MIL #11 to exclude evidence of Defendants' self-serving statements is TAKEN UNDER ADVISEMENT;

12. The Government's MIL #12 to exclude improper argument in voir dire and opening statements is DENIED AS MOOT, given that the Court addressed voir dire questions and procedures at the pretrial conference held this day and given that the parties have been ordered to provide to opposing counsel and to the Court a copy of any PowerPoint presentation or exhibits intended to be used during opening statements by 12:00 p.m. on October 17, 2025;

13. The Government's MIL #13 to exclude evidence or argument concerning Defendants' personal circumstances is GRANTED IN PART as to information concerning their financial circumstances, age, health, and family circumstances, including specific health conditions of family members, DENIED IN PART as to information concerning Defendants' education and professional experience, and DENIED IN PART AS PREMATURE AND WITHOUT PREJUDICE as to any other matters not specifically referenced herein; and,

14. The Government's MIL #14 to admit its summary exhibits is GRANTED IN PART to the extent that FBI Special Agent Dianne Shaffer is permitted to testify as a lay witness regarding the Government's summary exhibits, and it is DENIED IN PART

WITHOUT PREJUDICE as to the admission of the summary exhibits, which is subject to an adequate foundation being laid for each summary exhibit.[1]

                *s/ W. Scott Hardy*
                W. Scott Hardy
                United States District Judge

cc/ecf: All counsel of record

---

[1] The Court granted the Government permission to substitute summary exhibits to address concerns raised at the pretrial conference.

4